```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   STATESVILLE DIVISION
                     5:10CV41-MU-02
```

PATRICK RICARDO SMITH,       )
     Plaintiff,              )
                             )
     v.                      )
                             )
BUD HOLCOMBE, Case Manag-    )          O R D E R
  er at Alexander Cor-       )
  rectional Institution;[1]  )
BEN CARVER, Assistant        )
  Unit Manager at ACI; and   )
DOUG WALKER, Assistant       )
  Superintendent of Pro-     )
  grams and medical at       )
  ACI,                       )
     Defendants.             )
_____)

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint brought under 42 U.S.C. § 1983, filed March 31, 2010. (Doc. No. 1).

## I.  STANDARD OF REVIEW

At the outset, the Court acknowledges its authorization to conduct an initial review of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and to dismiss those cases or claims which do not pass frivolity review.  Denton v. Hernandez, 504 U.S. 25, 31 (1992) (dismissal appropriate whether claim "lacks an arguable

---

[1] Alexander Correctional Institution hereafter will be referred to as "ACI."

basis either in law or fact"); Neitzke v. Williams, 490 U.S. 319 (1989) (<u>sua sponte</u> dismissal appropriate where claim is based on a meritless legal theory); <u>Cochran v. Morris</u>, 73 F.3d 1310, 1315 (4th Cir. 1996) (noting that Congress' intent under a predecessor statute was to authorize the dismissal of "insubstantial" claims); <u>Nasim v. Warden</u>, 64 F.3d 951, 954 (4th Cir. 1995) (<u>en banc</u>) (noting the district court's broad discretion in determining whether an <u>in forma pauperis</u> action is factually frivolous). In other words, an action should be dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). In conducting this initial review, the Court is mindful of its obligation to liberally construe Plaintiff's allegations under Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, such obligation does not relieve Plaintiff of his duty to assert a claim cognizable within the jurisdiction of Court and upon which the court can grant relief.

Indeed, notwithstanding the Court's obligation to liberally construe Plaintiff's allegations, the Court is well aware that it is not required "to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services,

901 F.2d 387 (4th cir. 1990). The Court also is not required to accept unsupported legal allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). Nor is this Court required "to "conjure up questions never squarely presented," Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), to develop tangential claims from scant assertions in the complaint," Lowdermilk v. LaManna, 2009 WL 2601470 (D. S.C. 2009), or to "rewrite a petition" for the benefit of a plaintiff. Wise v. South Carolina Dept. of Corr., 2006 WL 1879001 (D. S.C. July 6, 2006).

In addition, the Fourth Circuit has indicated that "whatever purposes the complaint form might serve, it does not . . . create upon the district court an obligation to sua sponte raise and address any and every claim that might arguably be presented by the facts as presented." See Brock v. Carroll, 107 F..3d 241, 242-43 (4th Cir. 1997). With these principles in mind, the Court has determined that Plaintiff's Complaint must be dismissed with prejudice for his failure to state a cognizable claim for relief.

## II. FACTUAL BACKGROUND

By his Complaint Plaintiff alleges that in August 2007, he underwent corrective surgery by a physician in Elizabeth City, North Carolina, in order to repair a torn right Achilles tendon. (Doc. No. 1 at 3 and 4-5). Plaintiff makes no mention of any surgical or post-operative problems, yet he reports that he does

3

not have full usage of his right leg because he was told by his surgeon not to jump or stoop on his leg. (Id. at 3).

In June 2009, Plaintiff was assigned to a janitorial job at ACI. (Id. at 3). In the weeks before November 17, 2009, corrections officers began to require that Plaintiff clean the ledges of certain areas, thereby requiring him to stand on tabletops and/or stools or chairs in order to access those areas. (Id. at 3). On November 17, 2009, Plaintiff reportedly complained to Defendant Holcombe about the assignment and asked to be removed or reassigned to a less strenuous position because of the 2007 surgery. (Id.). Notably, however, the Complaint does not allege that Plaintiff advised Defendant Holcombe of any of his post-operative restrictions. In any event, Defendant Holcombe allegedly responded with skepticism, but advised that he would remove Plaintiff the assignment if directed to do so by Defendant Carver. (Id. at 4). However, Holcombe also told Plaintiff that in the absence of such a directive, Plaintiff would be written up if he quit his job. (Id. at 4).

Plaintiff next alleges that on the following day, he tendered a grievance to Defendant Carver, explained the forgoing matters to him and provided Carver a copy of medical records from the surgeon who repaired his tendon. (Id.). Plaintiff reportedly told Defendant Carver that he was at risk for re-injury

4

because of the amount of time that elapsed between his injury and the 2007 surgery; and that he was advised not to "attempt any sports or strenuous activity such as stooping down." (Id. at 5).

Plaintiff further opined to Carver that if he were to have to break his fall during a slip off of a table or chair, it would be comparable to jumping. (Id. at 5). However, Defendant Carver told Plaintiff that he would not be removed from his job because Carver saw no medical restrictions for Plaintiff in ACI's computerized database. (Id. at 4). Defendant Carver also advised Plaintiff that if he quit, he would face disciplinary action, at which point Plaintiff indicated that although he would stay on his job he wanted Carver to process his grievance. (Id. at 5-6).

Plaintiff alleges that he continued to be instructed to perform the subject duties; that when he asked an officer for permission to speak to a duty sergeant, the officer advised that he had been instructed that "if any one refuse[d] to clean, tell him to lock in and for me to write him up, and those instructions were per [Defendant] Carver." (Id. at 6).

Finally, Plaintiff alleges that Defendant Walker denied his appeal of the denial of his grievance, advising Plaintiff that no further action was necessary because the medical staff had no documentation to support his concerns. (Id. at 7). However, Plaintiff reports that he has 17 pages of N.C.D.O.C. medical

5

records concerning his 2007 surgery, including the aforementioned notations and instructions from his former surgeon and other notations "which were generated by medical staff at [ACI]." (Id. at 7).

Consequently, Plaintiff asserts that Defendants were deliberately indifferent to his serious medical condition by knowingly forcing him to perform work which caused him "emotional distress, undue pain, [and] endangered his health and safety . . ." in that he was forced to perform work which exceeded his physical capacity in order to avoid disciplinary sanctions. (Id. at 7-9). Consequently, Plaintiff seeks $65,000 in damages for "mental and emotional distress, the endangerment of [his] health and safety and the infliction of cruel and unusual punishment . . . ," along with tens of thousands of dollars in punitive damages and removal from his janitorial assignment. (Id at 8-9).

### III. ANALYSIS

#### 1. Deliberate indifference

Plaintiff alleges that Defendants were deliberately indifferent to his serious concerns that he could injure himself. According to Farmer v. Brennan, 511 U.S. 825, 837 (1994), a prison official cannot be found liable under the Eighth Amendment for deliberate indifference to a serious medical need unless "the official knows of and disregards an excessive risk to inmate

6

health or safety." See also Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997)(To state a claim, the plaintiff must allege facts to establish that the defendants ignored an objectively serious condition or risk of harm.).

In the case at bar, Plaintiff has failed to allege facts to establish his claim. Indeed, while the Court takes as true Plaintiff's representations that his surgeon's post-operative notes from 2007 limited his activities following surgery, such representations falls far short of establishing that the surgeon or any other physician directed him to continue with those limitations for two years after his surgery. That is, Plaintiff does not allege any facts to establish that the subject limitations were intended to last for over two years, or that he has undergone any follow-up medical treatment by a provider who also has directed him to observe limitations. Thus, even if Plaintiff is correct that his N.C.D.O.C medical records contain his surgeon's post-operative notations and instructions, he still has failed to allege facts to show that his records contain directives for ongoing limitations from any medical provider from whom he currently is receiving treatment. Furthermore, Plain-

7

tiff's Complaint makes it clear that his risk for re-injury had to do with the delay which he experienced between the time of his injury and the corrective procedure, not due to some problem which continued after the surgery. Indeed, Plaintiff does report any post-surgical problems, or that his surgery was not fully successful. As such, this allegation fails to establish that Plaintiff currently has a serious condition to which Defendants were indifferent.

### 2. **Emotional and mental distress**

Plaintiff also alleges that Defendants conduct subjected him to emotional distress. However, the law is clear that there is "no constitutional right to be free from emotional distress, psychological stress or mental anguish." Carter v. Boone, 2010 WL 558598 *6 (D. S.C. Feb. 10, 2010. Thus, the Prison Litigation Reform Act provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(e).

In the instant case, Plaintiff's Complaint makes no more than an isolated, passing reference to "undue pain." In fact, the grievance forms which Plaintiff submitted to ACI, and he attached to his Complaint, do not even mention pain. Rather, such forms relate only to Plaintiff's concern that he could re-injure himself if he should take an accidental fall. Thus, even

8

if somatic manifestations can constitute "physical injury," Plaintiff's single reference to "undue pain," without more, is not enough to satisfy the PLRA's "physical injury" component for compensatory damages.  See Jones v. Price, 2010 WL 1009016 (N.D. W.Va. March 17, 2010) (PLRA precludes recovery of compensatory damages for emotional distress in absence of physical injury); see also Adams v. Rice, 40 F.3d. 72, 74 (4th Cir. 1994) (Plaintiff "must present more than naked allegations" to survive dismissal.).  Nor has Plaintiff alleged any matters which would justify an award of punitive or nominal damages.  Adams, supra. Ultimately, therefore, because Plaintiff has failed to allege facts to show that he suffered any physical injury from Defendant's conduct, he has failed to state a claim for relief on the basis of his allegation of emotional distress.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Plaintiff's Complaint is **DISMISSED** for his failure to state a constitutional claim for relief.  28 U.S.C. § 1915A(1)(b).

**SO ORDERED.**

Signed: June 7, 2010

Graham C. Mullen
United States District Judge